Moneesh K. Bakshi
RASH & BAKSHI
45 Rockefeller Plaza
Suite 2000
New York, New York 10001
Telephone:    (646) 583-1625

*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
                                                                    :
In re                                                               :
                                                                    :         Chapter 11
John DiNaso & Sons, Inc.                                            :
                                                                    :         Case No. 14-41264 (CEC)
        Debtor.                                                    :
                                                                    :
-------------------------------------------------------------X

**GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY**
**AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

        John DiNaso & Sons, Inc. (Case No. 14-41264 (CEC)) ("Debtor" or the "Company")
submits its Schedules of Assets and Liabilities (the "Schedules") and Statements of  Financial
Affairs (the "Statements" and, together with the Schedules, the "Schedules and  Statements")
pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal
Rules of Bankruptcy Procedure.

        On March 19, 2014 (the "Petition Date"), the Debtor commenced its reorganization case
by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the
"Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New
York (the "Bankruptcy Court").  The Debtor is authorized to operate its businesses as debtors-in-
possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        The Schedules and Statements were prepared by the Debtor's management and are
unaudited.  While those members of management responsible for the preparation of the Schedules
and Statements have made a reasonable effort to ensure that the Schedules and Statements are
accurate and complete based on information known to them at the time of preparation after
reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of
information may result in material changes in financial and other data contained in the Schedules
and Statements.  Accordingly, the Debtor reserves its right to amend and/or supplement their
Schedules and Statements from time to time as may be necessary or appropriate and they will do
so as information becomes available.

## General Notes

**Reservation of Rights.**  The Debtor reserves the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability and classification.  The Debtor also reserves all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

**Basis of Presentation**.  The financial information used for the Company's financial reporting purposes, the Schedules, and Statements  reflect the assets and liabilities of the Debtor based on its non-audited  book and tax records.  Audited financial statements and supporting schedules have not been prepared  for the Debtor.  These Schedules and Statements do not purport to represent financial statements  prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they  intended to reconcile to the financial statements may have been previously submitted to lenders, major creditors  or various equity holders on an intermittent basis.

The Schedules and Statements have been signed by John DiNaso,  President and sole Director of the Company.  In reviewing and signing the Schedules and Statements, Mr. DiNaso has necessarily relied upon the efforts, statements and representations of the  accounting and non-accounting personnel located at the Debtors' offices who report to Mr. DiNaso either directly or indirectly.  Mr. DiNaso has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and  representations concerning amounts owed to creditors.

**Date of Valuations**.  Except as otherwise noted in the Schedules and Statements, all assets and liabilities are  valued as of the Petition Date.  All values are stated in United States currency.  In some instances, the Debtor has used estimates or pro-rated amounts where actual data as of the Petition Date was not available.  The Debtor has made a reasonable effort to allocate  liabilities between the pre- and postpetition periods based on the information and research that  was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtor may modify the allocation of liabilities between the pre- and postpetition periods and amend the Schedules and Statements accordingly.

**Book Value.**  Except as otherwise noted, each asset of the Debtor is shown on the  basis of estimated current value, if deemed more accurate, net book value of the asset or liability in accordance with the Debtor's accounting and/or tax books and records as of the Petition Date for liability values.  Therefore, the Schedules based upon any estimate  of the current market values of the Debtors' assets and liabilities may not correspond to  book values.  It would be cost prohibitive and unduly burdensome to obtain current market  valuations of all of the Debtors' property interests.

Except as otherwise noted, the Debtor's assets are presented as they appear on the  Debtor's accounting ledgers.  As such, the detail includes error corrections and value  adjustments (shown as negative values or multiple line items for an individual liabilities).  Certain of the Debtor's assets may have been  significantly impaired by, among other things, the events leading to, and the commencement of,  the Debtor's chapter 11 case.

**Property and Equipment – Owned.**  Owned property and equipment are recorded at cost. Depreciation and amortization are calculated based on common depreciation methods and depreciable periods ranging from 3 to 35 years.  Although accelerated depreciation methods may be used for tax reporting purposes, the Schedules and Statements reflect straight-line methods.

**Causes of Action.**  The Debtor may have causes of action against third parties that would be recorded as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these General Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Litigation.**  Certain litigation actions (the "Litigation Actions") reflected as claims against the Debtor may also relate to other Debtors.  The Debtors have made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action.  The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action and the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action and the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

**Expenses Related to Customer and Employee Goodwill.**  In the ordinary course of their businesses the Debtor may purchase and provide tickets to various events, including, among other things, sporting events, which are used to promote customer and employee goodwill.  The Debtor does not believe such items have any material value in the context of this case.  The purchases are generally made at the local business unit level and the Debtor has not attempted to segregate these expenses from other miscellaneous expenses, and they are therefore not listed in their Schedules and Statements.  Moreover, the Debtors have not listed any leasehold interests or licenses relating to such tickets in their Schedules and Statements.

**Application of Vendor Credits.**  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other matters, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable and (iii) vendors provide volume rebates and cash discounts.  Certain of these credits are subject to change.  Vendor claims are listed at the amounts entered on the Debtor's books and records, which may or may not reflect credits or allowances due from such creditors to the Debtor.  The Debtor reserves all of their rights respecting such credits and allowances.

**Application of Customer Credits.**  In the ordinary course of their business, the Debtors maintain a number of customer programs including (i) the repurchase of dated and damaged products, (ii) merchandising agreements, and, (iii) sales adjustments.  Therefore, the Debtor applies credits due pursuant to such programs against amounts due by customers, and the amounts reported on the Schedules and Statements are net of such customer credits.

**Claims.**  Certain of the Debtor's Schedules list creditors and set forth the Debtor's estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtor's estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all un-invoiced vendor charges.  To the extent that a claim of a particular vendor is an aggregate of multiple invoices, the Debtors have reflected the claim with a date of "various."

The Debtor may move the Bankruptcy Court to authorized the Debtor, among other matters, to (i) continue certain customer practices, (ii) pay prepetition wages, salaries, employee benefits and other related obligations, (iii) pay certain priority claims in the ordinary course of business, (iv) pay certain prepetition sales, use and other taxes, (v) make certain utility payments, (vi) pay certain prepetition shipping charges and related possessory liens, and (vii) pay certain lienholders.

While the Debtors have made their best efforts to reflect the claims, by vendor, net of these various adjustments as well as "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.  Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," "or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to (i) object to or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

**Employee Claims.**  The Debtor may move the Bankruptcy Court entered an order granting authority to, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations.  The Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary course of business and therefore, the Schedules and Statements do not include such claims.

## <u>Schedules</u>

**Schedule A – Real Property:**  In the ordinary course of their businesses, the Debtor does not lease real property from third-party lessors.

**Schedule B – Personal Property**

Item 16 – Accounts Receivable.  Because the detailed trade accounts receivable are reflective of the Debtor's proprietary customer lists, trade accounts receivable are reported in the aggregate only.  Furthermore, the accounts receivable are reported net of purchase discounts earned by certain customers.  The Debtors reserve all of their rights with respect to such credits and allowances.

Item 30 – Inventory.  Inventories are valued at the lower of cost or market value.  The cost of most inventory generally is determined using the first-in, first-out method.

## **Schedule D – Creditors Holding Secured Claims**

Except as otherwise ordered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, the Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of the Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these General Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

## **Schedule E – Creditors Holding Unsecured Priority Claims**

Certain of the claims of state and local taxing authorities set forth in Schedule E, which the Debtor has designated as contingent, disputed and unliquidated, ultimately may be deemed, in whole or part, to  be secured claims pursuant to state or local laws.

Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits.  The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority, and the listing of any claim on Schedule E does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

**<u>Statements</u>**

<u>Questions 1 (Income from Employment or Operation of Business) and 2 (Income Other than from Employment or Operation of Business)</u>.  For purposes of these Statements, the Debtor has reported book net operating revenues as calculated for corporate income tax return compliance purposes.  The Statements in response to question 1 are inclusive of net operating revenues obtained from third-parties only (intercompany net operating revenues are reported in the Statements in response to question 2).

The Statements in response to question 2 are inclusive of revenues, if any, obtained from gain or loss from sales of company assets, intercompany net operating revenues and other intercompany charges.

All revenues are reported as of March 19, 2014.

<u>Question 3b – Payments to Creditors</u>.  The responses to this question 3b reflect the creditor's payment activity by payment date as opposed to cleared date and by vendor/creditor code as it appears in the Debtor's payment register.  As such, the information includes associated credit memo information.  It does not  reflect any subsequent stop payment of void information.  Neither does it reflect any payroll/payroll tax related payments during the 90 days preceding the Petition Date.

<u>Question 7 – Gifts and Charitable Contributions.</u>  To the extent information regarding gifts and charitable contributions is available, the Debtor has included it in the Statements.  In the ordinary course of business, the Debtor makes certain immaterial gifts and/or charitable contributions (both cash and goods, including sponsorships) to their local customers, which are neither recorded at the corporate level nor separately classified for tax purposes.  The Debtor's Schedules and Statements do not include information regarding such amounts.

<u>Question 17 – Environmental Information</u>.  The Debtors have conducted a thorough review of prepetition environmental matters. Accordingly, the Debtor has provided the environmental information to the best of their ability based on information compiled for calendar 2013.

<u>Question 19 – Books, Records and Financial Statements</u>.

<u>Question 19b</u>.  Robert Tarantino, CPA has been, and continues to be, the Debtor's accountant and also provides income tax compliance and consulting work to the Debtor.

<u>Question 19d</u>:  From time to time, the Debtor provides financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, customers, vendors, unions, debtholders and their legal and financial advisors.  Additionally, financial statements have been provided to other parties as requested.  Rather than provide an extensive list of financial statement recipients (a process that would prove onerous for the Debtor), the Debtor offers this General Note.

<u>Question 23 – Distributions by a Corporation (Including to Insiders)</u>.  The Debtor has reflected payments and distributions to insiders on the Statement as applicable.  The amounts presented on the Statements are reflective of the net payments received by each of the  reported insiders.


***END OF GENERAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

In re: John DiNaso & Sons, Inc.

                                            Case No. 14-41264

                                            Chapter 11

                    Debtor(s)
------------------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007-1(b)

    John DiNaso & Sons, Inc.    , undersigned debtor herein, swears as follows:

1.    Debtor filed a petition under chapter 11    of the Bankruptcy Code on 19 March 2014      .

2.    Schedule(s) A-G/FA   were not filed at the time of filing of the said petition, and is/are being filed herewith.

3.    [*Check applicable box*]:

      ☐    The schedules filed herewith reflect no additions or corrections to, or deletions from, the list of creditors which accompanied the petition.

      ☐    Annexed hereto is a listing of names and addresses of scheduled creditors added to or deleted from the list of creditors which accompanied the petition. Also listed, as applicable, are any scheduled creditors whose previously listed names and/or addresses have been corrected. The nature of the change (addition, deletion or correction) is indicated for each creditor listed.

4.    [*If creditors have been added*] An amended mailing matrix is annexed hereto, listing added creditors **ONLY**, in the format prescribed by Local Rule 1007-3.

***Reminder: No amendment of schedules is effective until proof of service in accordance with EDNY LBR 1009-1(b) has been filed with the Court.***

Any additions to the list of creditors which accompanied the petition will be deemed an amendment to that list; if this amendment is filed prior to the expiration of the time period set forth in Fed. R. Bankr. P. 4004 and 4007, it will be deemed to constitute a motion for a 30-day extension of the time within which any added creditors may file a complaint to object to the discharge of the debtor and/or to determine dischargeability. This motion will be deemed granted without a hearing if no objection is filed with the Court and served on debtor within 14 days following filing of proof of service of this affirmation, all attachments and the amended schedules in accordance with EDNY LRB 1009-1.

Dated: _4-23-14_

 

_____
Debtor (*signature*)

Sworn to before me this _23_
day of _April_ , 2014

_____
Notary Public, State of New York

USBC - .64

**MICHAEL LICITRA**
Notary Public State of New York
No. 01LI6112298
Qualified in Richmond County
Commission Expires June 28,20_16_

Rev. 11/1/11

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT
### Eastern        District of  New York

In re John DiNaso & Sons, Inc.                    ,           Case No.  14-41264
          *Debtor*

           Chapter  11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $1,500,000.00 | | |
| B - Personal Property | Yes | 3 | $735,945.59 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $5,370,700.79 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $1,136,806.47 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 16 | | $2,595,720,80 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | No | | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $ |
| TOTAL | | 23 | $2,235,594.59 | $9,103,228.06 | |

B6A (Official Form 6A) (12/07)

In re_____John DiNaso & Sons, Inc._____,                Case No. _____14-41264_____
                        **Debtor**                                                                      **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Lot and Building 520 Industrial Loop Staten Island, NY | Fee Simple | | $1,500,000.00 | $5,099,197.73 |
| | | Total▶ | $1,500,000.00 | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re_____**John DiNaso & Sons, Inc.**_____,                    Case No._____**14-41264**_____
                    **Debtor**                                                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

       Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

       **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Operations and Payroll Checking Account Bank of American Staten Island, NY | | $25,720.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re       John DiNaso & Sons, Inc.              ,          Case No.  14-41264
                    **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | Trade Accounts Receivable 520 Industrial Loop, Staten Island, NY | | $239,025.59 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

T

B 6B (Official Form 6B) (12/07) -- Cont.

In re_____**John DiNaso & Sons, Inc.**_____,          Case No. **14-41264**_____
                **Debtor**                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | Delivery trucks and related equipment 520 Industrial Loop, Staten Island, NY | | $190,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Office furnishings and equipment 520 Industrial Loop, Staten Island, NY | | $1,200.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Included in 28 above | | |
| 30. Inventory. | | 520 Industrial Loop Staten Island, NY | | $280,000.00 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

_____continuation sheets attached    Total'    $ 735,945.59

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

B 6D (Official Form 6D) (12/07)

In re_____ **John DiNaso & Sons, Inc.**__,       Case No.  **14-41264**_____
                                    **Debtor**                                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Santander Bank<br>1460 Forest Avenue<br>Staten Island, NY  10302 | | | Incurred 11/2007<br>Mortgage/Guarantee<br>All real and personal<br>Property of Debtor<br><br>VALUE $2,235,945.00 | | | | $5,099,197.73 | |
| ACCOUNT NO.<br><br>Victory State Bank<br>4142 Hylan Boulevard<br>Staten Island, NY 10308 | | | Mortgage/Guarantee<br><br><br><br>VALUE $2,235,945.00 | | | | $260,516.00 | $8,853.00 |
| ACCOUNT NO.<br><br>Swanson Group Sales Co.<br>Unit 2-PO Box 4765<br>Portland, OR 97208 | | | Judgment Lien<br><br>VALUE $10,987.06 | | | | $10,987.06 | |

_____continuation sheets
attached

Subtotal ►
(Total of this page)

Total ►
(Use only on last page)

| | |
|---|---|
| $5,370,700.79 | $8,853.00 |
| $5,370,700.79 | $8,853.00 |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/13)

In re: John DiNaso & Sons, Inc.                    ,          Case No. 14-41264
                          *Debtor*                                                    *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

   A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

   The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."      If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

   Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

   Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

   Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

   *\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) – Cont.

**In re John DiNaso & Sons, Inc.**                    ,      **Case No. 14–41264**
               *Debtor*                                                  *(if known)*

☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

  Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____continuation sheets attached

B6E (Official Form 6E) (04/13) – Cont.

In re John DiNaso & Sons, Inc.                    ,    Case No.  14-41264
            *Debtor*                                           *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | | | 2013 | | | | $7,718.35 | $1.92 | $7,716.43 |
| Account No.<br><br>NY State Dept of Tax and Finance<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | | | 2013<br>Sales Tax | | | | $1,129,088.12 | $271,379.45 | $832,090.45 |
| Account No.<br><br>NY State Department of Labor<br>State Office Campus<br>Building 12, Room 256<br>Albany, NY 12240 | | | 2013 | | | | $0.00 | $0.00 | $0.00 |
| Account No.<br><br><br><br> | | | | | | | | | |

Sheet no.     of     continuation sheets attached to Schedule of
Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals'<br>(Totals of this page) | $1,136,806.47 | $271,381.37 | $839,806.88 |
| Total'<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $1,136,806.47 | | |
| Totals'<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $271,381.37 | $839,806.88 |

B 6F (Official Form 6F) (12/07)

In re **John DiNaso & Sons**_____,    Case No. **14-4126**_____
_____**Debtor**_____    _____**(if Known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Air Vent, Inc. P.O. Box 712523 Cincinnati, OH 45271 | | | Trade Account | | | | $4,887.78 |
| ACCOUNT NO. All Digital Imaging 161 N Broadway Suite 201 South Amboy, NJ 08879 | | | Trade Account | | | | $717.49 |
| ACCOUNT NO. Alpha Laser Richmond Corp. 140 Main Street, Unit #4 Staten Island, NY 10307 | | | Trade Account | | | | $215.54 |
| ACCOUNT NO. American Express P.O. Box 1270 Newark, NJ 07101 | | | Credit Card/Trade Account | | | | $46,281.44 |
| | | | | | | Subtotal' | $52,102.25 |

_____ continuation sheets attached

Total' $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,        Case No.        **14-41264**_____
                    **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Arthur Kill Association<br>220 Industrial Loop Road<br>Staten Island, NY 10309 | | | Trade Account | | | | $7,000.00 |
| ACCOUNT NO.<br>Atlas Roofing Corporation<br>P.O. Box 403977<br>Atlanta, GA 30384 | | | Trade Account | | | | $84,382.36 |
| ACCOUNT NO.<br>Bluelinx Corp<br>P.O. Box 642265<br>Pittsburg, PA 15264 | | | Trade Account | | | | $108,250.00 |
| ACCOUNT NO.<br>Building Ind Assoc of NYC<br>3130 Amboy Road<br>Staten Island, NY 10306 | | | Dues | | | | $50.00 |
| ACCOUNT NO.<br>Calzaretto & Berstein, LLC<br>459 Route 38 West<br>Maple Shade, NJ 08052 | | | Professional Fees | | | | $0.00 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'     $199,682.36

Total'     $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,          Case No. _____**14–41264**_____
                    **Debtor**                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Cintas Corporation<br>51 New England Avenue<br>Piscataway, NJ  08854 | | | Trade Account | | | | $867.19 |
| ACCOUNT NO.<br>Citron Associates<br>51 Rodeo Dr.<br>Edgewood, NY  11717 | | | Trade Account | | | | $6,493.88 |
| ACCOUNT NO.<br>Con Edison<br>JAF Station<br>PO Box 1702<br>New York, NY 10116 | | | Trade Account | | | | $2,768.00 |
| ACCOUNT NO.<br>Continental Building Products, LLC<br>12018 Sunrise Valley Drive<br>Suite 500<br>Reston, VA  20194 | | | Trade Account | | | | $495,765.58 |
| ACCOUNT NO.<br>Crane Plastics Siding, LLC<br>Exterior Portfolio<br>25545 Network Place<br>Chicago, IL  60673 | | | Trade Account | | | | $18,919.50 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'  $524,814.50

Total'  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____John DiNaso & Sons, Inc._____,          Case No. _____14-41264_____
                        **Debtor**                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> Creditfacts, Inc. <br> 469 7th Avenue <br> Suite 710 <br> New York, NY  10018 | | | Trade Account | | | | $20.90 |
| ACCOUNT NO. <br> Culpepper Wood Preservers <br> P.O. Box 79348 <br> Baltimore, MD  21279 | | | Trade Account | | | | $35,333.46 |
| ACCOUNT NO. <br> Emblem Health <br> HIP <br> Box 9329 G.P.O. <br> New York, NY  10087 | | | Employee Insurance Plan | | | | $14,063.33 |
| ACCOUNT NO. <br> Fin Pan, Inc. <br> P.O. Box 411 <br> Hamilton, OH  45012 | | | Trade Account | | | | $19,458.00 |
| ACCOUNT NO. <br> Flag Container Services <br> 11 Ferry Street <br> Staten Island, NY  10302 | | | Trade Account | | | | $750.00 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'   $69,625.90

Total'   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,     Case No. _____**14-41264**_____
                              **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Ford Motor Credit Company, LLC<br>PO Box 6275<br>Dearborn, MI 48121 | | | Trade Account | | | | $803.69 |
| ACCOUNT NO.<br>Garfunkel Wild, PC<br>411 Hackensack Avenue<br>Hackensack, NJ 07601 | | | Professional Fees | | | | $0.00 |
| ACCOUNT NO.<br>Getzler Henrich & Associates<br>295 Madison Avenue<br>20th Floor<br>New York, NY  10017 | | | Professional Fees | | | | $0.00 |
| ACCOUNT NO.<br>Grabber Construction<br>P.O. Box 29675<br>Dept 2021<br>Phoenix, AZ  85038 | | | Trade Account | | | | $15,574.60 |
| ACCOUNT NO.<br>H & E Tool Rental Corp<br>6451 Amboy Road<br>Staten Island, NY  10309 | | | Trade Account | | | | $800.00 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

| | |
|---|---|
| Subtotal' | $17,178.29 |
| Total'<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable on the Statistical<br>Summary of Certain Liabilities and Related Data.) | $ |

B 6F (Official Form 6F) (12/07) - Cont.

In re_____John DiNaso & Sons, Inc._____,    Case No. _____14-41264_____
                     **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>H. M. Stauffer & Sons<br>P.O. Box 567<br>Leola, PA  17540 | | | Trade Account | | | | $18,479.46 |
| ACCOUNT NO.<br>Hews Company, Inc.<br>190 Rumery Street<br>South Portland, ME  04106 | | | Trade Account | | | | $1,638.75 |
| ACCOUNT NO.<br>Hews Company, Inc.<br>190 Rumery Street<br>South Portland, ME  04106 | | | Trade Account | | | | $0.00 |
| ACCOUNT NO.<br>I.C. System, Inc.<br>44 Highway 96 East<br>St. Paul, MN 55127 | | | Trade Account | | | | $3,90.00 |
| ACCOUNT NO.<br>Interglobe Communications<br>101 Tyrellan Ave.<br>Staten Island, NY  10309 | | | Trade Account | | | | $4,984.57 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'   $25,492.78

Total'   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____John DiNaso & Sons, Inc._____,          Case No. _____14–41264_____
                        **Debtor**                                            **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | | | Federal Tax | | | | $7,778.00 |
| ACCOUNT NO.<br>Jersey Central, P&L<br>331 Newman Springs Rd., Bldg 3<br>Red Bank, NJ 07701 | | | Utility Account | | | | $3,510.53 |
| ACCOUNT NO.<br>J.H. Cohen, LLP<br>1212 Avenue of the Americas<br>No. 14<br>New York, NY  10036 | | | Professional Fees | | | | $0.00 |
| ACCOUNT NO.<br>J & S<br>53-02 37th Street<br>Long Island City, NY  11101 | | | Trade Account | | | | $2,524.10 |
| ACCOUNT NO.<br>John DiNaso, Jr.<br>520 Industrial Loop<br>Staten Island, NY 10309 | | | Trade Account | | | | $300,000.00 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

| | |
|---|---|
| Subtotal' | $313,812.63 |
| Total'<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable on the Statistical<br>Summary of Certain Liabilities and Related Data.) | $ |

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,    Case No. _____**14-41264**_____
                    **Debtor**                                                  **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>KP Building Products<br>402 Boyer Circle<br>Williston, VT  05495 | | | Trade Account | | | | $34,838.00 |
| ACCOUNT NO.<br>Leeder Fire Protection Co.<br>402 Boyer Circle<br>Williston, VT  05495 | | | Trade Account | | | | $997.24 |
| ACCOUNT NO.<br>Linus Realty, LLC<br>318 Clove Road<br>Staten Island, NY  10310 | | | Trade Account | | | | $3,000.00 |
| ACCOUNT NO.<br>Lumbermen Associated<br>P.O. Box 720<br>Bristol, PA  19007 | | | Trade Account | | | | $45,871.40 |
| ACCOUNT NO.<br>MBA Building Supplies<br>2200 Tempel Drive<br>Libertyville, IL 60048 | | | Trade Account | | | | $33,954.80 |

Sheet no._____of_____continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal'  $118,661.44

Total'
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

$

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,          Case No. _____**14-41264**_____
　　　　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Menicucci, Villa & Associates, PLLC<br>Attorneys and Counselors at Law<br>2040 Victory Boulevard<br>Staten Island, New York 10314 | | | Professional Fees | | | | $0.00 |
| ACCOUNT NO.<br>Mid-America<br>16197 Collections Drive<br>Chicago, IL  60693 | | | Trade Account | | | | $(2,268.50) |
| ACCOUNT NO.<br>Mid-State Lumber Corp<br>200 Industrial Parkway<br>Branchburg, NJ  08876 | | | Trade Account | | | | $130,915.83 |
| ACCOUNT NO.<br>MSC Industrial Supply<br>75 Maxess Road<br>Melville, NY 11747 | | | Trade Account | | | | $6,000.00 |
| ACCOUNT NO.<br>NAPCO Incorporated<br>PO Box 823715<br>Philadelphia, PA  19182 | | | Trade Account | | | | $(833.71) |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'　$133,813.62

Total'　$
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____John DiNaso & Sons, Inc._____,       Case No. _____14-41264_____
               **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>National Grid<br>P.O. Box 11741<br>Newark, NJ  07101 | | | Trade Account | | | | $1,321.57 |
| ACCOUNT NO.<br>Novik, Inc.<br>160 Des Grands Lacs<br>ST Augustin De Desmaures<br>CANADA  QC | | | Trade Account | | | | $8,700.00 |
| ACCOUNT NO.<br>NYI Building Products<br>24 Aviation Road<br>Suite 208<br>Albany, NY  12205 | | | Trade Account | | | | $4,344,84 |
| ACCOUNT NO.<br>OEG Building Material<br>395 Route 34<br>Matawan, NJ  07105 | | | Trade Account | | | | $42,696.54 |
| ACCOUNT NO.<br>Owens Corning<br>BOABOS-417324<br>P.O. Box 417324<br>Boston, MA  02241 | | | Trade Account | | | | $252,152.66 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'   $309,215.61

Total'   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,        Case No. _____**14-41264**_____
_____**Debtor**        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>PSE&G Co.<br>PO Box 490<br>Crawford, NJ 07016 | | | Utilities | | | | $28,255.04 |
| ACCOUNT NO.<br>Perry's Brick Co., Inc.<br>961 Bloomingdale Rd.<br>Staten Island, NY 10309 | | | Trade Account | | | | $1,272.80 |
| ACCOUNT NO.<br>Philip Mancuso. Esq.<br>201 Edward Curry Ave<br>Suite 203<br>Staten Island, NY 10314 | | | Professional Services | | | | $525.00 |
| ACCOUNT NO.<br>Polar Industries<br>P.O. Box 7075<br>Prospect, CT 06712 | | | Trade Account | | | | $5,830.80 |
| ACCOUNT NO.<br>Potter & LeMarca, LLP<br>101 Tyrellan Avenue<br>Staten Island, NY 10309 | | | Professional Fees | | | | 0.00 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'    $35,883.64

Total'    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____John DiNaso & Sons, Inc._____,     Case No. _____14-41264_____
                        **Debtor**                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Primesource Building Products<br>2517 Paysphere Circle<br>Chicago, IL  60674 | | | Trade Account | | | | $6,486.88 |
| ACCOUNT NO.<br>Propane Power Corporation<br>915 Delancy Corporation<br>Newark, NJ  07105 | | | Utilities Account | | | | $1,278.65 |
| ACCOUNT NO.<br>Rash & Bakshi<br>Attorneys at Law<br>45 Rockefeller Plaza, Suite 2000<br>New York, NY 10001-2099 | | | Professional Fees | | | | $0.00 |
| ACCOUNT NO.<br>Ronald E. Novrit<br>P.O. Box 658<br>Flanders, NJ  07836 | | | | | | | $1,278,65 |
| ACCOUNT NO.<br>Rucci Oil Company<br>1693 Richmond Terrace<br>Staten Island, NY  10310 | | | Trade Account | | | | $15,441.48 |

Sheet no._____of_____continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | Subtotal' | $24,485.66 |
|---|---|---|
| | Total'<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | $ |

B 6F (Official Form 6F) (12/07) - Cont.

In re_____John DiNaso & Sons, Inc._____,     Case No. _____14-41264_____
                    **Debtor**                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> Sam Gregorios Florist <br> 814 Forest Ave. <br> Staten Island, NY  10310 | | | Trade Account | | | | $184.00 |
| ACCOUNT NO. <br> Sherwood Lumber Company <br> 300 Corporate Plaza <br> Islandia, NY  11749 | | | Trade Account | | | | $683,636.93 |
| ACCOUNT NO. <br> Slomin's Inc. <br> PO Box 1886 <br> Hicksville, NY  11802 | | | Trade Account | | | | $99.46 |
| ACCOUNT NO. <br> Staples Advantage <br> DEPT NY <br> P.O. Box 415256 <br> Boston, MA  02241 | | | Trade Account | | | | $524.92 |
| ACCOUNT NO. <br> Staple's Credit Plan <br> DEPT 51 7817435323 <br> P.O. Box 689020 <br> Des Moines, IA  50368 | | | Trade Account | | | | $521.99 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'     $684,967.30

Total'     $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,          Case No. _____**14-41264**_____
                        **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Super Stud Building Products, Inc.<br>2960 Woodbridge Ave<br>Edison, NY  08837 | | | Trade Account | | | | $10,395.54 |
| ACCOUNT NO.<br>Supreme Skylights, Inc.<br>2069 Ninth Avenue<br>Ronkonkoma, NY  11779 | | | Trade Account | | | | $10,054.28 |
| ACCOUNT NO.<br>Swanson Group Sales Co.<br>UNIT 2<br>PO Box 4765<br>Portland, OR  97208 | | | Trade Account | | | | $38,106.56 |
| ACCOUNT NO.<br>Tamko Building Products<br>P.O. Box 801120<br>Kansas City, MO  64180 | | | Trade Account | | | | $(3,256.75) |
| ACCOUNT NO.<br>Tarantino & Associates<br>Accountants & Consultants<br>P.O. Box 80494<br>Staten Island, NY  10308 | | | Professional Fees | | | | $1,900.00 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'          $57,199.63

Total'          $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,     Case No. _____**14-41264**_____
            **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> Tectum, Inc. <br> P.O. Box 3002 <br> Newark, OH  43058 | | | Trade Account | | | | $9,848.80 |
| ACCOUNT NO. <br> Texsa USA <br> 5215 N. O'Connor Blvd. <br> Suite 630 <br> Irving, TX  75039 | | | Trade Account | | | | $8,716.00 |
| ACCOUNT NO. <br> The Parts House <br> 246 Main St. <br> Staten Island, NY  10307 | | | Trade Account | | | | $2,393.07 |
| ACCOUNT NO. <br> Universal Forest Products <br> PO Box 823206 <br> Philadelphia, PA  19182 | | | Trade Account | | | | $4,352.00 |
| ACCOUNT NO. <br> W. B. Mason Co., Inc. <br> PO Box 55840 <br> Boston, MA  58406 | | | Trade Account | | | | $234.03 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'  $25,543.90

Total'  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re_____**John DiNaso & Sons, Inc.**_____,        Case No. _____**14-41264**_____
                        **Debtor**                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Waterworks<br>P.O. Box 693<br>Staten Island, NY 10314 | | | Utilities Account | | | | $122.87 |
| ACCOUNT NO.<br>Welco-CGI Gas Technologies<br>PO Box 382000<br>Pittsburg, PA 15250 | | | Trade Account | | | | $59.33 |
| ACCOUNT NO.<br>Wright Express<br>P.O. Box 6293<br>Carol Stream, IL 60197 | | | Trade Account | | | | $1,069.77 |
| ACCOUNT NO.<br>FedEx<br>PO Box 371461<br>Pittsburg, PA 15250 | | | Trade Account | | | | $813.71 |
| ACCOUNT NO.<br>Pitney Bowes<br>440 9th Avenue<br>New York, NY 1001 | | | Trade Account | | | | $1,175.61 |

Sheet no._____of_____continuation sheets attached
to Schedule of Creditors Holding Unsecured Nonpriority
Claims

Subtotal'        $3,241.29

Total'        $2,595,720.80
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re_____John DiNaso & Sons, Inc._____,    Case No._____14-41264_____
                                      **Debtor**                                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Ford Motor Credit Company, LLC<br>PO Box 6275<br>Dearborn, MI 48121 | Vehicle Lease<br>Debtor is Lessee |
| | |
| | |
| | |
| | |
| | |

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

Eastern     District of  New York

In re:  John DiNaso & Sons, Inc.                      ,          Case No.  14-41264
                    Debtor                                                      (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or  self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101(2), (31).

---

1.  **Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| $1,427,980 | 01/l1-2014-12/31/2014 |
| $6,769,000 | 01//1/2013-12/31/2013 |
| $7,866,000 | 01/31/2012-12/31/2012 |

**2.    Income other than from employment or operation of business**

None

☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                                SOURCE

---

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

☒

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225[*]. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| See Schedule SOFC 3(b) | | | |

---

[*] *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR DATE OF AMOUNT AMOUNT
AND RELATIONSHIP TO DEBTOR PAYMENT PAID STILL OWING

---

### 4.　Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

CAPTION OF SUIT NATURE OF COURT OR AGENCY STATUS OR
AND CASE NUMBER PROCEEDING AND LOCATION DISPOSITION

See Schedule 4(a) attached.

None
☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS DATE OF DESCRIPTION
OF PERSON FOR WHOSE SEIZURE AND VALUE
BENEFIT PROPERTY WAS SEIZED  OF PROPERTY

---

### 5.　Repossessions, foreclosures and returns

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS DATE OF REPOSSESSION, DESCRIPTION
OF CREDITOR OR SELLER FORECLOSURE SALE, AND VALUE
 TRANSFER OR RETURN OF PROPERTY

### 6. Assignments and receiverships

None

☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

### 7. Gifts

None

☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None

☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                 5

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Rash & Bakshi | March 2014 | $9,600.00 |
| 45 Rockefeller Plaza Suite 2000 New York, NY 10111 | | |

---

**10. Other transfers**

None
☒

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☒

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                6

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None

☒ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

☒ a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

☒ b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

☒ c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

### 18 . Nature, location and name of business

None

☒ a.  *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None

☑   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

     NAME                  ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19.  Books, records and financial statements

None

☐   a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

     NAME AND ADDRESS                                 DATES SERVICES RENDERED
     Robert Tarantino, CPA                                 2009-Present
     16 Driggs, #2
     Staten Island, NY 10308

None

☒   b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

     NAME                        ADDRESS                      DATES SERVICES RENDERED

None ☐    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| Robert Tarantino, CPA | 16 Driggs Street, #2 |
| | Staten Island, NY 10308 |

None ☐    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| See General Notes | |

---

### 20.  Inventories

None ☐    a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF  INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|-----------------------------------------------------------------|
| March 2014 | John DiNaso | $280,000.00 (LCM) |

None ☐    b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|
| March 2014 | John DiNaso |

---

### 21 .  Current Partners, Officers, Directors and Shareholders

None ☒    a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None ☐    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|
| John DiNaso, Sr. 520 Industrial Loop Staten Island, NY | President | Comnon-100% |

---

### 22 . Former partners, officers, directors and shareholders

None
☒

a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                                        ADDRESS                          DATE OF WITHDRAWAL

None
☒

b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                  TITLE                            DATE OF TERMINATION

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                      DATE AND PURPOSE        AMOUNT OF MONEY
OF RECIPIENT,                          OF WITHDRAWAL           OR DESCRIPTION
RELATIONSHIP TO DEBTOR                                             AND VALUE OF PROPERTY

---

### 24.  Tax Consolidation Group.

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION            TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

### 25.  Pension Funds.

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                        TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

B7 (Official Form 7) (04/13)                                                                    11
*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature of Debtor _____

Date _____    Signature of Joint Debtor  (if any) _____

_____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____23 April 2014_____    Signature _____/s/ John J. DiNaso, Sr._____

Print Name and Title _____John J. DiNaso, Sr.-President_____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____            _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer            Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____            _____
Signature of Bankruptcy Petition Preparer            Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.***

**In Re: John DiNaso & Sons, Inc.**
**Case No. 14–41264**

Attachment 4a

Suits, executions, garnishments, and attachments

| Caption of suit | Case number | Nature of proceeding | Court | Location of court | Status or disposition |
|---|---|---|---|---|---|
| Getzler Henrich Associates v. John DiNaso & Sons, Inc., DiNaso Staten Island, LLC, DiNaso & Sons Building Supply Company, and DiNaso Lakewood LLC. | 654557/2012 | Breach of Contract | NYS Supreme Court | New York County | Bankruptcy Stay filed |
| Continental Building Products LLC, as the successor and assign to LaFarge North America Inc. v. John DiNaso & Sons Building Supply Company, DiNaso & Sons Building Supply Company, John DiNaso & Sons, Inc. a/k/a Tiger Di Naso Building Supply Co, Inc., Di Naso John & Sons, Inc., John DiNaso & Sons Building Supply, Inc., John DiNaso, William Epp | 101731/2013 | Breach of Contract | NYS Supreme Court | Richmond County | Bankruptcy Stay filed – Court decided to allow ca to proceed against related non-debtor entities |
| Sherwood Lumber Corp. v. John DiNaso & Sons, Inc. d/b/a DiNaso & Sons, DiNaso Staten Island, LLC d//b/a DiNaso & Sons, and John J DiNaso a/k/a John DiNaso | 26565/2014 | Breach of Contract | NYS Supreme Court | Suffolk County | Bankruptcy Stay Filed |
| American Lumber Co., Inc. v. John DiNaso & Sons, Inc, d/b/a Tiger DiNaso | 837413 | Breach of Contract | Civil Court of the City of New York | Richmond County | Bankruptcy Stay Filed |
| Jefferson Home Builders, Inc. v. DiNaso & Sons, Inc. and John DiNaso | 003438/2013 | Breach of Contract | NYS Supreme Court | Nassau County | |
| Victory State Bank v. John DiNaso & Sons, Inc., John DiNaso a/k/a John DiNaso Sr., DiNaso & Sons Building Supply Company | 102074/2013 | Breach of Contract – Confession of Judgment | NYS Supreme Court | Richmond County | Bankruptcy Stay Filed |
| UFP Berlin, LLC. v.  DiNaso & Sons Building Supply Company a/k/a DiNaso & Sons Building Supply a/k/a DiNaso & Sons Building Supply Lakewood, DiNaso, John & Sons Inc., DiNaso & Sons LP a/k/a DiNaso & Son's LP, DiNaso & Sons, DiNaso Lakewood LLC, DiNaso Millville, LLC, John DiNaso & Sons, Inc., John DiNaso Building Supply Inc., DiNaso Staten Island, LLC, John DiNaso, Sr., William Epp a/k/a Billy Epp, ABC Corporations 1 to 20, and John Doe Individuals 1 to 20. | L 1131/2014 | Breach of Contract | Superior Court of New Jersey Law Division | Camden County | Bankruptcy Stay Filed |
| Owens Corning Sales, LLC. v. John DiNaso & Sons, Inc. | 13-14142 | Breach of Contract | NYS Supreme Court | Monroe County | Bankruptcy Stay Filed |
| Swanson Group Sales Co., v. John DiNaso & Sons, Inc. | 503020/13 | Breach of Contract | NYS Supreme Court | Kings County | Bankruptcy Stay Filed |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Payments to Creditors
### Schedule SOFC 3(b)

| Name of Creditor | Address | City | State | Zip Code | Payment Date | Amount Paid | Balance Due |
|------------------|---------|------|-------|----------|--------------|-------------|-------------|
| American Express | PO Box 1270 | Newark | NJ | 07101 | 12/19/2013 | 20,000.00 | Inventory |
| American Express | | | | | 12/24/2013 | 30,000.00 | |
| American Express | | | | | 12/24/2013 | 5,000.00 | |
| American Express | | | | | 01/13/2014 | 20,000.00 | |
| American Express | | | | | 01/17/2014 | 125,042.11 | |
| American Express | | | | | 01/23/2014 | 15,164.29 | |
| American Express | | | | | 01/23/2014 | 15,000.00 | |
| American Express | | | | | 01/04/2014 | 14,000.00 | |
| American Express | | | | | 02/10/2014 | 12,000.00 | |
| American Express | | | | | 02/11/2014 | 16,000.00 | |
| American Express | | | | | 02/18/2014 | 7,500.00 | |
| American Express | | | | | 02/19/2014 | 2,500.00 | |
| American Express | | | | | 02/21/2014 | 10,000.00 | |
| American Express | | | | | 02/25/2014 | 6,500.00 | |
| American Express | | | | | 02/28/2014 | 15,000.00 | |
| American Express | | | | | 03/04/2014 | 20,000.00 | |
| American Express | | | | | 03/05/2014 | 7,700.00 | |
| American Express | | | | | 03/06/2014 | 7,000.00 | |
| American Express | | | | | 03/07/2014 | 20,000.00 | |
| American Express | | | | | 03/12/2014 | 8,800.00 | |
| American Express | | | | | 03/14/2014 | 800.00 | |
| American Express | | | | | 03/17/2014 | 15,000.00 | |
| American Express | **Total** | | | | | **394,006.00** | |
| Sherwood Lumber | 300 Corp Plz | Islandia | NY | 11749 | 03/13/2014 | **11,168.25** | Lumber COD |
| John Marangos | | | | | 01/30/2014 | 25,000.00 | Legal Fees |
| NYS Tax | | | | | 03/26/2014 | 15,000.00 | Sales Tax |
| GHI | | | | | 12/23/2013 | 12,716.95 | Group Ins |
| Rucci Oil Co | | | | | 12/19/2013 | 3,225.18 | Diesel Fuel |
| Rucci Oil Co | | | | | 01/14/2014 | 6,389.16 | |
| Rucci Oil Co | | | | | 02/04/2014 | 6,000.00 | |
| Rucci Oil Co. | **Total** | | | | | **16,614.00** | |
| Penn Lumber | | | | | 01/21/2014 | 6,250.00 | Lumber |
| Penn Lumber | | | | | 01/28/2014 | 31,704.00 | |
| Penn Lumber | **Total** | | | | | **37,954.00** | |
| KP Bldg Products | | | | | 02/03/2014 | 20,000.00 | Inventory |
| KP Bldg Products | | | | | 01/31/2014 | 26,381.00 | |
| KP Bldg Products | **Total** | | | | | **46,381.00** | |
| Rash & Bakshi | | | | | 02/01/2014 | 30,300.00 | Legal Fees |